# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

JAMAR HACKETT                             *
11006 Mary Bigges Place
Marlboro, Maryland 20772,                 *
individually and on behalf of
similarly situated persons,               *

                                  Civil No. _____

             Plaintiff,      *

                                  **JURY TRIAL DEMANDED**

    v.                                    *

ADF COMPANIES, LLC, ADF                   *
CORPORATION, INC., ADF
RESTAURANT GROUP, LLC, ADF                *
RESTAURANT INVESTMENTS,
LLP, ADFP MANAGEMENT, INC.,               *
AMERICAN HUTS, INC., ADF
AMERICAN HUTS MGMT, LLC,                  *
ADF MIDATLANTIC, LLC, ADF
MIDATLANTIC HOLDINGS, LLC,                *
ADF PIZZA I, LLC and ADF PIZZA
II, LLC,                                  *

             Defendants.     *
                     ********

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Jamar Hackett, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendants, alleges as follows:

1.  Defendants together operate approximately 291 Pizza Hut franchise stores in Maryland, Alabama, Connecticut, Florida, Georgia, New Jersey, New York, Pennsylvania, Tennessee,

Virginia, West Virginia and Washington, D.C. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. Instead of reimbursing their delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal and Maryland minimum wages during some or all workweeks.

2.   Plaintiff Jamar Hackett brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Maryland Wage and Hour Law ("MWHL"), Md. Lab. & 4Empl. Code § 3-401 *et seq.*, to recover unpaid minimum wages owed to himself and similarly situated delivery drivers employed by Defendants at their Pizza Hut stores.

**Jurisdiction and Venue**

3.   The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (pendent claims).

4.   Venue in this District is proper under 28 U.S.C. § 1391 because Defendants operate Pizza Hut franchise stores in this District, Defendants employed Plaintiff in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

**Parties**

5.   Defendant ADF Companies, LLC is a limited liability company which, together with the other Defendants, operates a chain of approximately 291 Pizza Hut franchise stores, including stores located within the Southern Division of the District of Maryland.

6.   Defendant ADF Corporation, Inc. is a New Jersey corporation which, together with the other Defendants, operates a chain of approximately 291 Pizza Hut franchise stores, including stores located within the Southern Division of the District of Maryland.

7.   Defendant ADF Restaurant Group, LLC is a limited liability company which, together with the other Defendants, operates a chain of approximately 291 Pizza Hut franchise stores, including stores located within the Southern Division of the District of Maryland.

8.   Defendant ADF Restaurant Investments, LLP is a Delaware limited liability partnership which, together with the other Defendants, operates a chain of approximately 291 Pizza Hut franchise stores, including stores located within the Southern Division of the District of Maryland.

9.   Defendant ADFP Management, Inc. is a Delaware corporation which, together with the other Defendants, operates a chain of approximately 291 Pizza Hut franchise stores, including stores located within the Southern Division of the District of Maryland.

10. Defendant American Huts, Inc. is a Delaware corporation which, together with the other Defendants, operates a chain of approximately 291 Pizza Hut franchise stores, including stores located within the Southern Division of the District of Maryland.

11. Defendant ADF American Huts Mgmt, LLC is a New Jersey limited liability company which, together with the other Defendants, operates a chain of approximately 291 Pizza Hut franchise stores, including stores located within the Southern Division of the District of Maryland.

12. ADF MidAtlantic, LLC is a Delaware limited liability company which, together with the other Defendants, operates a chain of approximately 291 Pizza Hut franchise stores, including stores located within the Southern Division of the District of Maryland.

13. ADF MidAtlantic Holdings, LLC is a Delaware limited liability company which, together with the other Defendants, operates a chain of approximately 291 Pizza Hut franchise stores, including stores located within the Southern Division of the District of Maryland.

14. Defendant ADF Pizza I, LLC is a Delaware limited liability company which, together with the other Defendants, operates a chain of approximately 291 Pizza Hut franchise stores, including stores located within the Southern Division of the District of Maryland.

15. Defendant ADF Pizza II, LLC is a Delaware limited liability company which, together with the other Defendants, operates a chain of approximately 291 Pizza Hut franchise stores, including stores located within the Southern Division of the District of Maryland.

4

16. Defendants constitute a single employer or single integrated enterprise because they share common ownership, financial control and management, conduct interrelated operations, and maintain centralized control of labor relations.

17. Alternatively, Defendants constitute joint employers of Plaintiff and other similarly situated employees as Defendants exercise some control over those employees' work or working conditions, Defendants maintain an arrangement to share employees' services, Defendants act directly or indirectly in the interest of each other in relation so the employees, and / or Defendants are not completely disassociated with respect to the employees' employment and may be deemed to share control of the employees, directly or indirectly, because they are under common control.

18. Plaintiff Jamar Hackett was employed by Defendants from about February 2010 through May 2013 as a delivery driver at their Pizza Hut store in Clinton, Maryland, which is located within the Southern Division of the District of Maryland. His consent to join form is attached hereto as Exhibit 1.

## General Allegations

*Defendants' Business*

19. Defendants collectively own and operate approximately 291 Pizza Hut franchise stores in Maryland, Alabama, Connecticut, Florida, Georgia, New Jersey, New York, Pennsylvania, Tennessee, Virginia, West Virginia and Washington, D.C.

20. Defendants' Pizza Hut stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendants' Flawed Reimbursement Policy*

21. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

22. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendant.

23. Defendants' delivery driver reimbursement policy reimburses drivers on a per-mile basis, but the per-mile reimbursement is far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

24. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

25. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.555 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.585 and $.608 per mile during the same period for drivers who drive a sedan

15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

26. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

27. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

28. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

29. Defendants fail to reasonably approximate the amount of their delivery drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

30. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

*Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

31. Regardless of the precise amount of the per-mile reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and Maryland minimum wage.

32. Plaintiff Hackett was paid $7.25 per hour during his employment with Defendants, including, after some period of his employment, a tip credit applicable to the time he was performing deliveries.

33. The federal minimum wage has been $7.25 per hour since July 24, 2009, Maryland's minimum wage was likewise $7.25 per hour from 2009 through 2014, and Maryland's minimum wage has been $8.00 per hour in 2015.

34. Plaintiff drove a 1992 Nissan D21 Hardbody while delivering pizzas for Defendant.

35. During Plaintiff's employment by Defendants, the per-delivery reimbursement rate at the store where Plaintiff worked was approximately $1.00.

36. During his employment with Defendants, Plaintiff experienced an average round-trip delivery distance of about 5 miles per delivery.

37. Thus, Defendants' average effective reimbursement rate for Plaintiff was approximately $.20 per mile ($1.00 per delivery / about 5 miles per delivery).

38. During the recovery period, the IRS business mileage reimbursement rate was at least $.555 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using the IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by approximately $.355 ($.555 - $.20) per mile. Considering Plaintiff's estimate of about 5 miles per delivery, Defendants under-reimbursed him about $1.775 per delivery ($.355 x 5 miles).

39. Defendants did not ask Plaintiff to track his actual automobile expenses, nor is he an expert in the field of calculating the cost of automobile usage. However, Plaintiff's actual automobile expenses were at the very least $.48 per mile based on the true cost of owning a car calculated by Edmunds.com for comparable vehicles and based on driving 15,000.00 per year. Using even this conservative under-estimate of Plaintiff's actual expenses, as opposed to the applicable IRS rate, every mile driven on the job decreased his net wages by about $.28 ($.48 - $.20), or about $1.40 ($.28 x 5 miles) per delivery.

40. During his employment by Defendants, Plaintiff has typically averaged approximately 2 deliveries per hour.

41. Thus, depending on whether Defendants' reimbursement rate is compared to the IRS rate or to a conservative under-estimate of Plaintiff's actual expenses, Plaintiff consistently "kicked back" to Defendants between approximately $2.80 per hour ($1.40 per delivery x 2 deliveries per hour) and $3.55 ($1.775 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $3.70 ($7.25 per hour - $3.55 kickback) to $4.45 ($7.25 per hour - $2.80 kickback).

42. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

43. Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

44. While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all

delivery drivers at all of their other Pizza Hut stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

45. Defendants' low reimbursement rates were a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

46. The net effect of Defendants' flawed reimbursement policy is that they willfully fail to pay the federal and Maryland minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

## Class and Collective Action Allegations

47. Plaintiff brings the FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

48. The FLSA claims may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

49. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail.

50. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

    a.  They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

    b.  They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

    c.  Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

    d.  They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

    e.  They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f.  They were subject to the same pay policies and practices of Defendants;

    g.  They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

    h.  They were reimbursed similar set amounts of automobile expenses per delivery;

    i.  They were paid at or near the federal minimum wage before deducting unreimbursed business expenses; and

j.   They have been subjected to the same tip credit.

51. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representatives of the following persons (the "Class"):

> All current and former delivery drivers employed by Defendants in the State of Maryland since the date three years preceding the filing of this Complaint.

52. The state law claim, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Class.

53. Plaintiff's state law claim satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

54. The Class satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

55. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

a.   Whether Defendants failed to pay Class members the minimum wage required by Maryland law;

b.   Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants' pizzas and other food items;

c.     Whether Defendants' formula and / or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the Class members; and

d.     Whether Defendants failed to keep accurate records of deductions from Class members' wages in violation of Maryland law.

56. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

57. Plaintiff's claim is typical of those of the Class in that:

a.     Plaintiff and the Class have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b.     Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.     Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

d.     Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e.   Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.   Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

g.   Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the Maryland minimum wage in some or all workweeks;

h.   Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per mile; and

i.   Plaintiff and the Class were paid at or near the Maryland minimum wage before deducting unreimbursed business expenses.

58. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class.

59. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by

Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

60. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

61. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I: Violation of the Fair Labor Standards Act of 1938

62. Plaintiff reasserts and re-alleges the allegations set forth above.

63. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

64. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

65. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

66. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

67. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

68. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

69. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

70. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

71. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

72. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

73. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants lacked good faith and reasonable grounds to believe their actions and omissions complied with the FLSA, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

74. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b),

together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of the Maryland Minimum Wage Law

75. Plaintiff reasserts and re-alleges the allegations set forth above.

76. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the Maryland Minimum Wage Law ("MMWL").

77. The MMWL regulates, among other things, the payment of minimum wage by "employers" who employ any person in Maryland, subject to limited exemptions not applicable herein. Md. Lab. & Empl. Code §§ 3-401(b) & 3-415(a).

78. During all times relevant to this action, Defendants were the "employers" of Plaintiff and the Class within the meaning of the MMWL. Md. Lab. & Empl. Code § 3-401(b).

79. The MMWL exempts certain categories of employees from Maryland's overtime wage and other obligations, none of which apply to Plaintiff and the Class. Md. Lab. & Empl. Code §§ 3-403 & 3-415(b) & (c).

80. Pursuant to the MMWL, employees have been entitled to be compensated at a rate of $7.25 per hour from 2009 through 2014 and have been entitled to be compensated at a rate of at least $8.00 per hour in 2015. Md. Lab. & Empl. Code §§ 3-413(b) & (c).

81. Defendants, pursuant to their policy and practice, violated the MMWL by refusing and failing to pay Plaintiff and the Class Maryland's minimum wage after deduction of un-reimbursed vehicle expenses incurred on the job.

82. Plaintiff and the Class are victims of a uniform and employer-based compensation policy. On information and belief, this uniform policy, in violation of the MMWL, has been applied, and continues to be applied, to all Class members in Defendants' other Pizza Hut stores in Maryland.

83. Plaintiff and all similarly situated employees are entitled to actual damages equal to the difference between the minimum wage and actual wages received after deduction for un-reimbursed vehicle expenses within the three years preceding the filing of this Complaint plus periods of equitable tolling. Md. Lab. & Empl. Code §§ 3-427(a)(1) & (d)(1)(i); Md. Cts. & Jud. Proc. Code § 5-101.

84. Defendants have acted neither in good faith nor with reasonable grounds and did not reasonably believe that the wage paid to Plaintiff and the Class were not less than the wages required under Maryland law. Thus, Plaintiff and all similarly situated employees are entitled to liquidated damages equal to the difference between the minimum wage and actual wages

received after deduction for un-reimbursed vehicle expenses within the three years preceding the filing of this Complaint. Md. Lab. & Empl. Code §§ 3-427(a)(2) & (d)(1)(ii).

85. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

86. Defendants are liable for Plaintiff's costs an attorney's fees incurred in this action. Md. Lab. & Empl. Code § 3-427(d)(2).

WHEREFORE, on Count II of this Complaint, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as allowed by Md. Lab. & Empl. Code § 3-427(d)(2); (4) pre-judgment and post judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated:     June 10, 2015                               Respectfully submitted,

**PAUL McINNES LLP**                           **WOODLEY & McGILLIVARY LLP**
Richard M. Paul III                                   */s/ Megan K. Mechak*
(*pro hac vice* forthcoming)                        Megan K. Mechak (Bar No. 27584)
601 Walnut Street, Suite 300                     1101 Vermont Ave NW #1000
Kansas City, Missouri 64106                      Washington DC 20005
Telephone:     (816) 984-8100               Telephone: (202) 833-8855
Facsimile:      (816) 984-8101                Facsimile:   (202) 452-1090
paul@paulmcinnes.com                         mkm@wmlaborlaw.com

**WEINHAUS & POTASHNICK**
Mark A. Potashnick
(*pro hac vice* forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone:    (314) 997-9150
Facsimile:     (314) 997-9170
markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFF**