**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **JAMAR HACKETT, et al.** | \* |
| | \* |
| Plaintiffs | \* |
| | \* |
| v. | \*   Civil No. PJM 15-1688 |
| | \* |
| **ADF RESTAURANT INVESTMENTS,** | \* |
| **et al.** | \* |
| | \* |
| Defendants | \* |

**MEMORANDUM OPINION**

Jamar Hackett, on behalf of himself and other similarly situated individuals, has brought suit against ADF Restaurant Investments, LLP, ADF Midatlantic, LLC, ADF Pizza I, LLC, and ADF Pizza II, LLC, ("Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The Court conditionally certified the case as a collective action under the FLSA for potential settlement purposes. ECF No. 33. Hackett and Defendants have now reached a settlement and ask the Court to approve it and dismiss with prejudice all claims in the Amended Complaint, ECF No. 35.

For the reasons that follow, the Court **GRANTS** the Plaintiffs' Unopposed Motion to Approve Collective Action Settlement, ECF No. 84. The Court also **GRANTS** Plaintiffs' Application for Fees and Costs, ECF No. 85, and **DISMISSES WITH PREJUDICE** all counts of the Amended Complaint as to all Defendants. ECF No. 35.

I.

Factual and Procedural Background

Defendants together operate approximately 200 Pizza Hut franchise stores in Maryland, Connecticut, New Jersey, New York, Pennsylvania, Virginia, West Virginia and Washington, D.C. They employ delivery drivers who use their own cars to deliver pizza and other food items to customers. From February 2010 to May 2013, Jamar Hackett was a delivery driver at a Pizza Hut in Clinton, Maryland, which was owned by Defendants. The Amended Complaint alleges that Hackett and other delivery drivers employed by Defendants, were reimbursed on a per mile basis for the use of their personal automobiles at a rate far below a fair approximation of the cost of using their cars.

Hackett alleges that he was paid $7.25 per hour, including at some points in his employment, tips. Since the Federal minimum wage was $7.25 per hour during the entire period of his employment, Hackett alleges that his and his colleagues' unreimbursed business expenses caused their compensation to fall below the minimum wage.

Hackett filed his Complaint on June 10, 2015. ECF No. 1. On October 16, 2015, the parties filed a joint motion asking the Court to grant conditional certification of the case as a collective action for possible settlement purposes, ECF No. 30. On October 21, 2015, the Court granted their joint motion. ECF No. 33. Hackett then filed an Amended Complaint on October 26, 2015. ECF No. 35. Defendants filed an Answer on November 12, 2015. ECF No. 36.

Three hundred forty-nine (349) delivery drivers opted in to assert their claims in this case (hereinafter "Plaintiffs"). Counsel then mediated the dispute before the Hon. Arthur Boylan (ret.), a retired United States Magistrate Judge of the U.S. District Court for the District of

Minnesota. After a full day of arms-length negotiations, the mediator made a settlement proposal, to which the parties eventually assented after a week of deliberation.

After two telephone conferences with the Court, Plaintiffs then filed an Unopposed Motion to Approve Collective Action Settlement, ECF No. 84. Plaintiffs also filed an Application for Fees and Costs, ECF No. 85.

## II.

### The Settlement

In evaluating the adequacy of settlements in FLSA cases and protecting the public interest, the Court plays a particularly important role. It must take care to ascertain and carefully examine the terms of the proposed settlement. This includes ensuring that the key terms of the proposed settlement are transparently communicated to the members of the collective action and that they are given a fair opportunity to object.

The Court notes that each Plaintiff in this case was notified of the terms of the settlement, their particular award, and was given an opportunity to object. The deadline for any objection was set as December 12, 2016. That date has now passed and no objections have been received.

The settlement does not contain provisions requiring its terms to be kept confidential nor has any request been made to seal the Plaintiffs' Unopposed Motion to Approve Collective Action Settlement. The Court is fully in accord with Judge John W. Lungstrum of the U.S. District Court for the District of Kansas who held in a wage and hour case, also brought by Pizza Hut delivery drivers, that "there is broad consensus that FLSA settlement agreements should not be kept confidential and the court will not approve an agreement that prohibits and penalizes class members for sharing information about the settlement with others." *Stubrud v. Daland*

*Corp.*, No. JWL-14-2252, 2015 WL 5093250 (D. Kan. Aug. 28, 2015). *See also Carpenter v. Colonial Mgmt. Grp., LP,* No. JKB-12-686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012)("[t]he Court holds that this confidentiality provision in this FLSA settlement agreement contravenes the important purposes of the Act and defeats both public and private efforts to enforce it").

The basic terms of the proposed settlement are these: The period covered by the agreement is June 10, 2012 – June 10, 2015, plus claims that accrued before that time but were tolled. A total of up to $452,700.00 will be distributed to Plaintiffs in this case. Each Plaintiff's compensation is calculated according to the number of deliveries they undertook during the covered period, reimbursed at a rate of $.56 per mile, and assumes that deliveries were an average of five miles. An individual's actual award is reduced by the prior reimbursements received by a Plaintiff and the amount that a Plaintiff has already earned that exceeds the minimum wage. Individual awards are further adjusted so that each Plaintiff receives a proportional amount of the award fund.  Awards to Plaintiffs range from $25.00 to $15,424.72. The median recovery is $500.75. Defendants concede no wrongdoing.

### III.

Standard of Review

Congress enacted the FLSA to protect workers against being paid deficient wages and working long hours that may result from significant inequalities in bargaining power between employers and employees.  To that end, the statute's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement.  *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  Court-approved settlement is an exception to that rule,

"provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Beam v. Dillon's Bus Serv., Inc.*, No. DKC 14-3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015) (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010)); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must reflect a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Beam,* 2015 WL 4065036, at *3 (quoting *Lynn's Food Stores*, 679 F.2d at 1355). Thus the court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement, and (3) the reasonableness of the attorneys fees, if included in the agreement. *Beam,* 2015 WL 4065036, at *3 (citing *Lynn's Food Stores*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)).

## IV.

### *Bona Fide* Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, the court examines the pleadings in the case, as well as with the representations and recitals in the proposed settlement agreement. *See Lomascolo*, 2009 WL 3094955, at *16–17.

Under the FLSA, employers are generally required to compensate employees at a rate that is no less than the federal minimum wage for all hours worked. 9 U.S.C. § 206(a). Hackett alleges that after deducting unreimbursed business expenses, he and the other members of his class made wages below the Federal minimum wage. Defendants disagree and contend that their reimbursement methodology approximated the actual expense their drivers incurred by using their personal vehicles. Defendants maintain their denial of wrongdoing and have reserved their arguments pending final certification of the collective action.

In any event, the parties stipulate, and the Court so finds, that a *bona fide* dispute exists as to Defendants' liabilities under the FLSA, the resolution of which would require further factual development and rulings of law.

## V.

### Fairness and Reasonableness

If a *bona fide* dispute is found to exist, the Court must then evaluate the fairness and reasonableness of the settlement taking into account the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel and class members

after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

Having reviewed the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Court concludes that the proposed settlement is a fair and reasonable compromise of the parties' *bona fide* dispute.

The first two related factors may be considered together. Parties may settle an FLSA case at an early stage provided that a plaintiff has had sufficient opportunity to evaluate the viability of his or her claims and the potential range of recovery. *See Saman*, 2013 WL 2949047, at *3. To be sure, the parties in this case reached a settlement at an early stage, prior to formal discovery. Class Counsel, however, who have represented Pizza Hut delivery drivers in similar litigation across the country, are already aware of the type of data maintained by Defendants and were therefore able to provide focused requests for data, which Defendants produced without the need for formal discovery or the Court's intervention. ECF No. 84 at 9. This production provided all the information that Plaintiffs needed to determine liability, value damages, and determine an appropriate distribution. *Id.* Were this case to proceed, its complexity would likely require significant additional expense, including further evidence gathering, because, among other things, while Class Counsel have litigated several of these cases, none have been submitted to a jury; hence the actual range of a jury verdict is difficult to predict. ECF No. 84 at 9. Thus, though no formal discovery took place, the Court is satisfied that the informal exchange of information between parties has allowed them to appropriately ascertain facts and evaluate the strength of their respective positions without incurring the expense that would be created by protracted litigation of what would likely become a complex case.

Similarly, the Court finds no fraud or collusion in the proposed settlement. According to the parties, the settlement they have presented for the Court's approval in fact was proposed by a mediator, a retired judge, after arms-length negotiations and was only accepted after a week of deliberation. ECF No 84 at 10. As previously noted, counsel had access to data and information about Plaintiffs and their work which was used to support their negotiation. *Id.*

The Court also finds that Class Counsel are experienced and competent. For example, Mark Potashnick, Esquire, one of Plaintiffs' counsel, has successfully litigated 39 collective action lawsuits, many of them involving wage and hour violations, ECF No. 85-3 at 2—6. Mr. Potashnick is currently pursuing several other wage and hour cases. *Id.* at 6—8. Co-Class Counsel Richard M. Paul, Esquire, has also served as lead or co-lead counsel in dozens of collective actions filed in both state and Federal courts. ECF No. 85-2 at 1. In some of these cases, Class Counsel have represented pizza delivery drivers situated precisely as Plaintiffs have been in the present case. In addition, the quality of the pleadings, motions, and briefs in the case fully evidences Class Counsels' skill, competence, and knowledge of the applicable law.

While Counsel for all parties "expressly approve" the settlement, ECF No. 84 at 10, that does not of course eliminate the Court's duty to pass independent judgment on the propriety of the settlement. *See Flinn v. FMC Corp.,* 528 F.2d 1169, 1174 (4th Cir. 1975). The attitude of the members of the class, as expressed directly or by failure after notice to object to the settlement, is a proper consideration for the trial court, though "a settlement is not unfair or unreasonable simply because a large number of class members oppose it." *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). In this case, all Plaintiffs were given appropriate notice of the terms of the settlement, including their individual awards, with more than a month to object. No objections were forthcoming.

Finally, as to the probability of Plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery, the Court is satisfied after close evaluation of the formulas used to calculate individual awards and the range of awards to be given to Plaintiffs, that the settlement of each Plaintiff's claims is fair and reasonable.

Lead Plaintiff Hackett will receive an additional $3,000.00 under the settlement. ECF No. 84-1 ¶ 2.1(B). Subject to this Court's approval, $232,000.00 is to be awarded to Class Counsel as attorney fees, *Id.* at (C), and $8,300.00 to cover counsels' costs. *Id.* at (D).

**VI.**

Attorneys Fees

The FLSA provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," the court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The attorneys fees should be negotiated separately from the awards to Plaintiffs because the statute intends that "the wronged employee should receive his full wages plus the [liquidated damages] penalty without incurring any expense for legal fees or costs." *Silva v.Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting *Maddrix v. Dize*, 153 F.2d 274, 275–76 (4th Cir. 1946)) (internal citations omitted).  The reasonableness of the fee award proposed in an FLSA settlement must also be independently assessed, regardless of whether there is any suggestion that a "conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010)).

In assessing the reasonableness of the fee, courts typically refer to the principles of the traditional lodestar method as a guide, even when the attorneys fees are based on a contingency fee. *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992). An attorneys fee award negotiated pursuant to a contingent-fee arrangement can be approved if a court finds that (1) the fees were negotiated separately from the damages, so that they do not infringe on the employee's statutory award, and (2) they are reasonable under the lodestar approach. *See Garcia v. Decalo Med. Group, LLC,* 14-CV-00301, 2015 WL 9311984, at *4 (D. Md. Dec. 23, 2015).

Based on an examination of the settlement agreement, and the representations of Class Counsel, the Court finds that attorneys fees were negotiated separately from damages. *See* ECF No. 84-1 ¶ 2.1(C)("The Court's determination of fees will not otherwise affect this agreement"); *See also* Paul Aff'd, ECF No. 85-2 ¶ 8 ("the requested fee here is separate and apart from the $452,700.00 payment to Plaintiff and the opt-ins."); Potashnik Aff'd, ECF No. 85-3 ¶ 14 ("Pursuant to the parties' settlement agreement, the requested fee is separate and independent from the $452,700.00 recovered on behalf of Plaintiff and the opt-ins.")

The lodestar amount is defined as the "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). In Appendix B to its Local Rules, this Court has established rates that are deemed reasonable for lodestar calculations. Plaintiffs are expected to provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the

hours expended by counsel, broken down for each task performed. *Saman*, 2013 WL 2949047, at *7; D. Md. Amd. R. 109.2 Appx B..

Class Counsel have applied for $232,000.000 in attorneys fees, which corresponds to one-third of the settlement amount, plus $11,182.06 to reimburse their out-of-pocket litigation costs.

They have provided the documentation necessary to evaluate their fees and costs in compliance with the Local Rules. On behalf of the Paul McInnes LLP law firm, managing partner Richard Paul submitted a total of $47,811.50 in fees for a combined 158.10 hours of work, ECF No. 85-2 at 5,[1] and expenses of $7,357.71. *Id.* at 6. Mark Potashnick submitted an affidavit on behalf of the Weinhaus & Potashnick law firm claiming entitlement to $39,531.00 in fees for 94.3 hours of work, ECF No. 85-3 at 13,[2] and $3,101.10 in expenses. *Id.* at 14. Local Counsel Megan Kathleen Mechak of Woodley and McGillivary, LLP submitted fees of $1,515.00,[3] ECF No. 85-5 at 2, for 4.1 hours of work and $506.30 in costs. *Id.* at 3.

The Court evaluates their request using the framework provided by the Fourth Circuit in *Barber v. Kimbrell*:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

---

[1] Richard Paul spent 6.6 hours on the matter at a rate of $475 per hour and Jack McInnes, Esquire spent 116.70 hours on the matter at a rate of $350 per hour. Paralegal Kendra John spent 16.8 hours at a rate of $130 per hour, paralegal Pat Neal spent 8.5 hours on the matter at $110 per hour and paralegal Sydney Estell spent 9.5 hours on the matter at a rate of $75 per hour.

[2] Mark Potashnick spent 85.5 hours on the matter at a rate of $450 per hour and paralegal Allison Leventhal spent 8.8 hours on the matter at a rate of $120 per hour.

[3] Gregory McGillivary, Esquire, spent 1.2 hours on the matter at a rate of $475 per hour and Megan Mechak, Esquire, spent 2.7 hours on the matter at a rate of $350 per hour.

577 F.2d 216, 226 n. 28 (4th Cir.1978). With respect to factors (2), (3), (9), and (10), the Court finds that the fees are reasonable based on Class Counsels' skill. They are experienced and innovative wage and hour lawyers, which appears to be a niche practice. They have developed an expertise in challenging the sufficiency of compensation for pizza delivery drivers under the FLSA. They have submitted an affidavit from Ken C. Gauvey, Esquire, a Maryland labor lawyer not involved in this case, who writes that "each of these lawyers is an exceptionally experienced and skilled advocate in the field of wage and hour law, and I consider them among the first rank of lawyers practicing in this field." ECF No. 85-4 ¶ 4.

With respect to factors (5), (6), and (8), the Court finds the attorneys fees reasonable given the parties' expectations. Challenging compensation for pizza delivery drivers under the FLSA is not a cut and dried affair. Moreover, it is quite likely that, but for this lawsuit, Pizza Hut drivers in Defendants' stores would not have known that they had a viable cause of action and thus, in the end, received more compensation than they anticipated. Further, Class Counsel point out that the 1/3 of the total award fund that they seek is a smaller contingency than they have obtained in similar disputes.

With respect to factors (1), (4), and (12), the fee appears reasonable, given the time spent on the case. Class Counsel have put in more than 257.5 hours on this case. The fee requested is only 2.6 times the lodestar calculation, which has generally been held by courts to be reasonable. See *Singleton v. Domino's Pizza, LLC*, 976 F.Supp.2d 665, 689 (D. Md. 2013) ("Courts have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee."); *Goldenberg v. Marriott PLP Corp.*, 33 F.Supp.2d 434, 439 n.6 (D. Md. 1998) (recognizing average range of multipliers of 3 to 4.5 and citing cases) (Messitte, J.).

In sum, the Court finds that Class Counsel are entitled to $232,000.00 in fees and $11,182.06 in costs.

**VII.**

Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' Unopposed Motion to Approve Collective Action Settlement. The Court also **GRANTS** Plaintiffs' Application for Attorney Fees and Costs and **ENTERS JUDGMENT** for attorneys fees in the amount of $232,000.00 and for costs in the amount of $11,182.06. All counts of the Amended Complaint are **DISMISSED WITH PREJUDICE**.

Within 120 days, Class Counsel **SHALL FILE** a status report indicating that the award fund has been fully disbursed or proposing a schedule for the remaining disbursements.

The Clerk is directed to **ADMISTRATIVELY CLOSE** the case.

A separate Order will **ISSUE**.

/s/<br>**PETER J. MESSITTE**<br>**UNITED STATES DISTRICT JUDGE**

**December 16, 2016**